[S. F. No. 2418.   Department Two.—July 7, 1902.]

## LOUISA RICHTER, Respondent, v. SUPREME LODGE KNIGHTS OF PYTHIAS, Appellant.

BENEFIT SOCIETY—CERTIFICATE OF LIFE INSURANCE—ASSUMPTION BY NEW CORPORATION—NEW LAW NOT BINDING UPON OLD MEMBER.— A member having a certificate of life insurance paid up in an endowment rank of the order of Knights of Pythias of the World, who agreed only to be bound by the laws of the Supreme Lodge of that order, is not bound by a new law passed by the newly incorporated Supreme Lodge of the Knights of Pythias (which succeeded to the assets and assumed the liabilities of the former supreme lodge)

forbidding active service in the army or navy in time of war, where such member had no knowledge of the existence of the new corporation, or of such new law passed by it, and never agreed to be bound thereby; and his certificate is not forfeited by reason of death while in such active service, and may be enforced by the beneficiary named therein against such new supreme lodge.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. George H. Bahrs, Judge.

The facts are stated in the opinion of the court.

T. J. Crowley, for Appellant.

Wal J. Tuska, for Respondent.

THE COURT.—This is an action to recover from defendant the amount of a certain certificate or policy of insurance upon the life of plaintiff's husband.

The cause was submitted to the court on an agreed statement of facts. The defense was, that "the certificate and all claims thereunder" became "forfeited by the voluntary act of Reinhold Richter, the insured, upon his entering into active service in the army in time of war, in violation of a law of the Endowment Rank and of his contract." Plaintiff had judgment, from which and from the order denying its motion for a new trial defendant appeals.

In his application Richter agreed to be governed by all the laws of the Supreme Lodge Knights of Pythias of the World then in force or that might be thereafter enacted. A certificate or policy of insurance was issued to him, in 1891, in consideration of full compliance with all the laws governing or to govern the Endowment Rank of this supreme lodge. On September 1, 1896, defendant passed the following law: "Active service in the army or navy in time of war shall forfeit the certificate and all claims thereunder of any member of the Endowment Rank or thereafter to be admitted." On April 22, 1898, Richter entered into active military service in the army as an officer of the First California National Guard, was ordered to the Philippines, and on August 4, 1898, died from mortal wounds received by him at the hands of the Spanish forces near the city of Manila. The subordinate

lodges of the Supreme Lodge Knights of Pythias of the World were duly authorized January 23, 1891, "to establish a branch or section of the Endowment Rank in the city and county of San Francisco, to be known as section No. 70, Endowment Rank, Knights of Pythias, . . . and has ever since continued to do and transact such business, . . . and that upon complying with certain forms, rules, and regulations a certificate of membership will be issued." It further appears: "That on the twenty-second day of April, 1898, Reinhold Richter was still a member in good standing in the Endowment Rank of the Knights of Pythias; . . . that before leaving the city of San Francisco for the Philippine Islands, Reinhold Richter, on or about May 6, 1898, informed the secretary of section No. 70 of the Endowment Rank of the Knights of Pythias at said city that he was about to depart from the said city for the said islands in the service of the United States government, as a volunteer, and while in such service and before his departure paid to the said secretary his dues and assessments then due; that after such notice the said Reinhold Richter continued to pay to the said secretary of Endowment Section No. 70, and he continued to receive and forward the same to the defendant, and the defendant continued to receive and accept the dues and assessments payable on and under the said certificate No. 29,419, during each and every month thereafter while said Reinhold Richter was in the service of the United States government as such volunteer during said war with Spain, until the day of the death of the said Reinhold Richter; that at the time of his death the said Reinhold Richter had paid in full all dues, assessments, and payments required by said Endowment Rank and the laws of said Supreme Lodge Knights of Pythias of the World, and was in good standing under the said laws, so far as his financial obligations to the order were concerned."

The defendant had no notice, so far as appears, except the notice given to the secretary of Endowment Rank, section 70, that Richter had become a soldier in the war with Spain. This order came into existence in 1863, and on May 5, 1870, was incorporated under an act of Congress as the Supreme Lodge Knights of Pythias, but conducted its business under the name of Supreme Lodge Knights of Pythias of the World. On August 5, 1875, the act of May 5, 1870, was amended, and the

period of existence of the corporation was fixed at twenty years, and it still continued to do business under the name of Supreme Lodge Knights of Pythias of the World, and it was while transacting business under these acts that Richter became a member. In 1894 "divers officers and members of the Supreme Lodge Knights of Pythias of the World, without the knowledge or consent of plaintiff, or of the said Reinhold Richter," applied for and procured from the Congress of the United States a special act incorporating defendant, as in this action designated, and the act provided "that all claims, accounts, debts, things in action, or other matter of business of whatever nature now existing for or against the said Supreme Lodge Knights of Pythias of the World shall survive and succeed to and against the defendant herein." Defendant assumed the business of the former corporation, on and after June 29, 1894, "received all dues and assessments paid by Richter to the Endowment Rank, under and pursuant to the said certificate issued to him, . . . and assumed and agreed to pay all obligations, etc., of the Endowment Rank" of the former corporation, including Richter's certificate, "and did create a board of control to govern the said Endowment Rank." Richter had no knowledge of this change, and "continued to pay dues to section No. 70 Endowment Rank in the same manner, and they were received and receipted for in the same manner as before the year 1894; no notice or information was given to the members of the order of the Endowment Rank that the funds guaranteed for the payment of their endowment certificates had been delivered over to a new corporation, or that their dues and assessments were paid to and received by the new corporation, the defendant." It appears that the charter of the corporation existing when Richter became a member had not expired, either by limitation or dissolution, when the new corporation was formed. Plaintiff contends that defendant, having assumed all obligations of the corporation whose certificate he held, could not, without his consent, adopt any law affecting or forfeiting his contract as a member of the existing corporation; that defendant is a different entity, and while the old organization might transfer its funds to the new upon the latter agreeing to pay its obligations, it could not delegate power to make laws as to existing contracts.

Defendant's only reply is, that where one seeks the benefits under a contract he must first perform all of the obligations and conditions devolving upon him. But Richter's obligation was "compliance with all the laws governing this rank (Endowment Rank) now in force, or that may hereafter be enacted by the Supreme Lodge Knights of Pythias of the World." He did. not agree to comply with all the laws governing this rank which some other corporation, as assignee of the certificate, might enact. Richter did not have actual knowledge or notice that defendant existed, nor that his obligation had been assigned to defendant, nor that any law had been passed by defendant forfeiting his certificate should he enter active military service in time of war. How can he, as a member of the Endowment Rank under the old corporation, be held to constructive notice of laws passed by the new corporation, of whose existence he was in entire ignorance? How can he be held to have forfeited his certificate for an act which was not forbidden under his contract? How in conscience can defendant, as assignee of the contract, claim a forfeiture because of Richter's violation of a condition which the assignee imposed without his knowledge or consent? It seems to us too plain for argument that before the successor in interest of these obligations held by the old company could pass laws affecting their substance the holders of certificates should, by some act or by some conduct, consent to be governed by the new company and should agree to be bound by its laws. We do not think Richter was bound by the law now sought to be enforced, of which he had no knowledge, and that was passed by a corporation to which he owed no duty or obligation. Defendant assumed and agreed to pay the policy, but Richter agreed to nothing with defendant beyond his original obligation to the corporation with which he contracted. The correctness of this view seems to us too obvious to call for further comment.

It is not necessary to consider the numerous other points in the case.

The judgment and order are affirmed.

Hearing in Bank denied.